UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE A. BUI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE EVERGREEN ADVANTAGE, LLC, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04284-NW<br><br>**ORDER DENYING EX PARTE MOTION FOR TRO**<br><br>Re: ECF No. 11 |

On May 19, 2025, Plaintiff Lynne A. Bui ("Plaintiff"), who is proceeding pro se, filed a complaint for herself and purportedly on behalf of Total New Energy Systems Co., Ltd. ("TNES") against The Evergreen Advantage, LLC ("Defendants"). Compl., ECF No. 1. Plaintiff simultaneously filed an application to proceed in forma pauperis ("IFP"). ECF No. 2.

On May 23, 2025, the Court granted Plaintiff's IFP application. ECF No. 4. The Court additionally reviewed Plaintiff's complaint pursuant 28 U.S.C. § 1915. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (the court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). The Court ordered that Plaintiff cannot represent TNES on a pro se basis, and that TNES must retain counsel by June 27, 2025. *Id*. at 3. Additionally, the Court found that Plaintiff had not established a basis for federal jurisdiction over the action because Plaintiff has not asserted federal question jurisdiction nor has Plaintiff alleged complete diversity of citizenship between the parties.[1] *Id*. at 3-4. The Court granted Plaintiff leave to file an amended complaint

---

[1] In the May 23, 2025 Order, ECF No. 4, the Court noted that "the Equipment at issue is alleged to

addressing the basis for federal jurisdiction by June 27, 2025. *Id*.

On June 9, 2025, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") against Defendants. Mot. for TRO, ECF No. 11. Plaintiff explains that Defendants have an "online auction scheduled for June 10 to June 12, 2025 involving Plaintiff TNES's valuable solar panel manufacturing equipment." *Id*. at 1. Plaintiff asks the Court to enjoin Defendants from "selling, transferring, or otherwise disposing of any of Plaintiffs' equipment located at 5729 Fontanoso Way, San Jose, CA 95138." *Id*. at 3.

The Court has no authority to issue a temporary restraining order if it lacks jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district... court, without which the court is powerless to proceed to an adjudication.") (alteration in original) (citation and internal quotation omitted); *Bank of New York Mellon v. Martinez*, 2019 WL 13472198, at *2 (N.D. Cal. May 1, 2019) ("[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim.") (citing *Hussain v. Ponce*, 2019 WL 1055235, at *1 (C.D. Cal. Jan. 8, 2019)).

Plaintiff has not yet cured the jurisdictional defects in her complaint, and has until June 27, 2025, to do so. The Court currently lacks jurisdiction over Defendants, against whom Plaintiff seeks temporary injunctive relief. Therefore, Plaintiff's application for an ex parte TRO is DENIED without prejudice.

The Court's prior Order, ECF No. 4, remains in full effect.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
Noël Wise
United States District Judge

---

be worth $10,000." The Court notes that Plaintiff in fact alleged in the complaint that "[t]he approximate value of the Equipment is $10,000,000," which is above the $75,000 threshold required for diversity jurisdiction. Compl., ¶ 11. While Plaintiff has alleged an amount sufficient to meet the diversity jurisdiction threshold, Plaintiff has not established complete diversity of citizenship between the parties.